■ SAM SILFEN, Respondent, v. UNITED WHELAN CORPORATION, Appellant. — Order and judgment in favor of the plaintiff entered November 30, 1967 and December 7, 1967, respectively, unanimously reversed, on the law, without costs or disbursements, and defendant-appellant's motion for summary judgment dismissing the complaint granted. The interpretation which the plaintiff as well as the defendant-appellant employer placed on the notice of November 13, 1946, as shown by their course of conduct in the ensuing 18 years, conclusively demonstrates that the unilaterally established noncontributory pension plan was revocable at the will of the appellant. At the time of the termination of the plan in 1954 the plaintiff had merely an inchoate interest therein. In any event, plaintiff's acts and conduct preclude any recovery under the 1946 plan. In 1958 he voluntarily joined a new key employees retirement plan and remained a member until termination of his employment in 1965, receiving in addition to his own contributions sums representing the appellant's contributions as well as earnings of this plan. Plaintiff is not entitled to the

benefits of the earlier plan, while retaining the benefits of the 1958 plan, since the latter benefits were expressly subject to the condition precedent that he not be a member of any other plan to which the appellant contributed. (*Fernekes v. CMP Ind.*, 13 N Y 2d 217; *Bromberg* v. *United Cigar-Whelan Stores Corp.*, N. Y. L. J., Feb. 26, 1951, p. 687, col. 2, Breitel, J.; *Matter of Schanzer*, 7 A D 2d 275; *Tyler* v. *New York Tel. Co.*, 192 F. Supp. 52.) Concur — Botein, P. J., Stevens, Tilzer, McNally and Bastow, JJ.